**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tasha Jones and Shaniqua Thompson, Respondents,

v.

Lyndon Southern Insurance Company, Safe Choice Insurance, LLC, and Jupiter Managing General Agency, Inc, Defendants,

Of which Lyndon Southern Insurance Company is the Appellant.

Appellate Case No. 2023-001289

Appeal From Richland County
Clifton B. Newman, Circuit Court Judge

Unpublished Opinion No. 2026-UP-020
Submitted October 1, 2025 – Filed January 21, 2026
Withdrawn, Substituted, and Refiled June 17, 2026

**AFFIRMED**

Susan Pedrick McWilliams, of Maynard Nexsen, PC, of Columbia; Kirsten Elena Small, of Maynard Nexsen, PC, of Greenville; and Ransome Hayward Helmly, of Ransome H. Helmly, LLC, of Mount Pleasant, all for Appellant.

Dietrich Andre' Lake, of The Lake Law Firm, of
Columbia, for Respondents.

———————

**PER CURIAM:**  In this insurance matter, originally arising from a motor vehicle
accident in 2017, Lyndon Southern Insurance Company (Lyndon) seeks to appeal
the trial court's denial of its post-trial motions, which upheld a jury verdict
awarding damages to Tasha Jones and Shaniqua Thompson (collectively,
Respondents).  We affirm.

Following the verdict, Lyndon did *not* make any post-trial motions.  After the jury
was dismissed, the trial court and attorneys discussed potential issues regarding
damages.  The court stated:

> You know, they awarded 50,000 for the breach, 75,000
> for the bad faith, and 350 for punitive.  Now, whether or
> not – the question you are all sort of posing, whether the
> $50,000 for the breach has already been awarded by
> Judge Hood or whether it's separate and apart from Judge
> Hood's order, and I'm not – there is nothing before me.
> Y'all are just asking me questions.  *There are no – there's*
> *nothing pending before me*.

Lyndon then stated, "I just want to renew my directed verdict motion."  The court
responded, "Yes.  We'll indicate that it was properly made, directed verdict motion,
but *no post-trial motions were made*."

The jury published its verdict on June 22, 2023.  On July 3, 2023, Lyndon filed
motions seeking a judgment notwithstanding the verdict (JNOV), a new trial
absolute, a new trial nisi remittitur, and any other appropriate relief.  Thereafter, on
August 11, 2023, Lyndon filed a notice of appeal with this court, appealing the
verdict.  On Respondents' motion, this court remanded jurisdiction to the trial court
and stayed the appeal of the verdict until the trial court addressed Lyndon's
post-trial motions.  On March 27, 2024, the trial court issued an order denying
Lyndon's post-trial motions as untimely.[1]

We agree Lyndon failed to effectively make any post-trial motions.  Lyndon made
no post-trial motions immediately after the jury's dismissal nor requested an

---

[1] The court also denied Lyndon's post-trial motions on the merits.

extension to file such motions as permitted under Rules 50 and 59 of the South Carolina Rules of Civil Procedure.  *See* Rule 50(e), SCRCP ("The motion for judgment n.o.v. shall be made promptly after the jury is discharged, *or in the discretion of the court* not later than 10 days thereafter." (emphasis added)); Rule 59(b), SCRCP ("The motion for a new trial shall be made promptly after the jury is discharged, *or in the discretion of the court* not later than 10 days thereafter." (emphasis added)).  Rather, Lyndon filed its motions eleven days after the conclusion of trial.[2]  The record contains no evidence of Lyndon requesting more time or the trial court granting such a motion.  As stated by the Supreme Court in the notes to the South Carolina Rules of Civil Procedure, "Post-trial motions are made promptly at the end of trial, or at that time the court, *upon motion*, may grant an additional ten days to make them."  Rule 50, SCRCP, Note to 1986 Amendment (emphasis added); *see also* Rule 59, SCRCP, Note to 1986 Amendment ("In jury trials, post-trial motions are made promptly at the end of the trial, or at that time the court, *upon motion*, may grant an additional ten days to make them." (emphasis added)).[3]

Based on the foregoing, the trial court's denial of Lyndon's post-trial motions is

**AFFIRMED.**[4]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[2] We note the tenth day fell on a Sunday; thus, had Lyndon moved for additional time to file post-trial motions, its filing would have been permitted under the rules in effect in 2023.

[3] This interpretation is consistent with the Supreme Court's latest amendment to the South Carolina Rules of Civil Procedure adopted by the Legislature on April 30, 2026.  *See* Rule 50, SCRCP, Note to 2026 Amendment ("The amendment to paragraph (e) *increases the maximum time the court may grant a party to serve and file a written motion for judgment n.o.v.* from 10 days to 20 days after the jury is discharged." (emphasis added)); Rule 59, SCRCP, Note to 2026 Amendment ("The amendment to paragraph (b) *increases the maximum time the court may grant to a party to serve and file a written motion for a new trial* from 10 days to 20 days after the jury is discharged." (emphasis added)).

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.